**RACINE FEDERATED, INC., Plaintiff,**

v.

**LAKE MONITORS, INC. and Jack E. Lake, Defendants.**

Civ. A. No. 90–C–882.

United States District Court, E.D. Wisconsin.

March 14, 1991.

Robert H. Bichler, Thompson & Coates, Racine, Wis., Richard S. Phillips, Wood, Phillips, Mason, Recktenwald, Van Santen, Chicago, Ill., for plaintiff.

Peter N. Jansson, Racine, Wis., for defendants.

### ORDER

REYNOLDS, Senior District Judge.

On September 6, 1990, plaintiff Racine Federated, Inc. ("Racine Federated") filed

this patent infringement action alleging infringement of patent no. 3,805,611 ("'611 patent") issued to it on April 23, 1974, and covering a fluid flow meter (Complaint, ¶¶ 1–9). After being served with Racine Federated's complaint on September 7, 1990, defendants Lake Monitors, Inc., and Jack E. Lake contacted the United States Patent and Trademark Office ("patent office"), only to be informed that the file history of the '611 patent could not be located (Peter N. Jansson Oct. 29, 1990 Aff. ("Jansson Aff."), ¶ 4). By letter dated September 24, 1990, Racine Federated's counsel also informed defendants that he would be unable to provide the official file history of the '611 patent (Thomas D. Bratschun Nov. 14, 1990 Aff. ("Bratschun Aff."), ¶ 1). Consequently, the parties agreed to give defendants a thirty-day extension of the time within which to file their answer, in the hope that the patent office would provide the file history to defendants within this extension period (Jansson Aff., ¶ 5).

By October 29, 1990, the patent office had not yet located the '611 file history, so plaintiff's counsel forwarded to defendants copies of all correspondence between itself and the patent office regarding the '611 patent (Bratschun Aff., ¶ 2). The plaintiffs were unable to guarantee that the correspondence represented a complete file history, however, because the correspondence was not certified by the patent office (Jansson Aff., ¶ 6).

On the same date, defendants moved this court for a further extension of time within which to answer Racine Federated's complaint, which motion is presently before this court. In their motion, defendants request that they not be required to file an answer until two weeks after they actually receive the certified file history of the '611 patent. In support of their motion, the defendants note that the patent office has not yet located the file history for the '611 patent (*Id.*, ¶ 7), and that the plaintiff's counsel has provided defendants with only a partially-reconstructed file history (*Id.*, ¶ 6). The defendants argue that their ability to defend against this lawsuit will be compromised if they are required to file an answer without having had an opportunity to review the complete file history of the '611 patent.

In opposing defendants' motion, Racine Federated notes that the correspondence it has provided appears to be a substantially complete copy of the file history, even if it may not comprise the full file history. Racine Federated further argues that its enforcement of its patent rights would be severely prejudiced if defendants were not required to file an answer until the indeterminate date when the '611 file history is discovered. Finally, Racine Federated represents that it would not oppose any future motion by defendants to amend their pleadings to conform to any information that becomes available if the '611 file history is found before this matter is finally resolved. On the basis of these arguments, Racine Federated requests that defendants' motion be denied and that defendants be required to answer the complaint based upon the information presently available regarding the '611 patent.

Upon consideration of the parties' arguments, this court recognizes that the present unavailability of the official '611 file history may pose some problems of proof to both parties. Nonetheless, this court declines to make the defendants' obligation to answer Racine Federated's complaint contingent upon the patent office's ability to locate the '611 file history. To grant defendants' request would effectively prevent Racine Federated from enforcing its patent rights through no fault of its own. The parties must therefore conduct this litigation on the basis of the information regarding the '611 patent that is presently available.

IT IS THEREFORE ORDERED that the October 29, 1990 motion of defendants Lake Monitors, Inc., and Jack E. Lake for an extension of time within which to answer Racine Federated's complaint is DENIED.

IT IS FURTHER ORDERED that defendants Lake Monitors, Inc. and Jack E. Lake shall file their answer(s) to Racine Federat-

ed's complaint within fourteen (14) days from the date of this order.